# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>HEIDI M. LACKNER, Warden,<br><br>Respondent. | Case No.: CV 15-5906-DMG (SK)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION** |

Petitioner, a California state prisoner proceeding *pro se*, filed a First Amended Petition ("FAP") under 28 U.S.C. § 2254. (ECF No. 6). Respondent requests that the FAP be dismissed as moot because "Petitioner has already been released from prison" and "does not challenge the validity of the underlying conviction in this case, but rather [] seeks an earlier release date." (ECF No. 32 at 7). Because Petitioner did not address this argument in his Traverse (ECF No. 39), he was ordered to show cause by December 27, 2017 why the FAP should not be dismissed as moot. (ECF No. 41). Petitioner was ordered to address whether he is still in custody and the issue of mootness. (*Id.*). Petitioner was warned that, under Federal Rule of Civil Procedure 41(b) and Local Rule 41-1, the failure to file a timely response to the show-cause order "may result in dismissal of this action on the grounds of mootness and/or failure to prosecute." (*Id.*). As of the date of this

order, Petitioner has not filed a response to the order to show cause or any document indicating his intent to prosecute this action.

The district court has inherent authority to dismiss a *pro se* petitioner's action for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962); *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002). When determining whether to dismiss a *pro se* petitioner's action on this basis, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondent]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All five factors warrant dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's management of its docket is impeded where, as here, Petitioner has not complied with court orders aimed at determining whether the FAP is moot. *See Pagtalunan,* 291 F.3d at 642. That is in part why the Court's Local Rules provide that the failure to file a document required by court order may be deemed consent to adverse relief. *See* L.R. 7-12. Third, a rebuttable presumption of prejudice arises when a petitioner delays prosecution of an action. *See In re Eisen,* 31 F.3d 1447, 1452–53 (9th Cir. 1994); *Yourish,* 191 F.3d at 991–92. The "failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Fourth, despite the public policy favoring merits disposition of cases, it is the Petitioner's responsibility to move a case toward that disposition. *See Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Finally, no sanction short of dismissal is feasible at this point. The Court "need not exhaust every sanction short of dismissal before finally dismissing a case,

but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Given Petitioner's *pro se* status and failure to respond to court orders, monetary and other lesser sanctions are not practical or feasible. In that case, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992).

THEREFORE, the FAP is ordered dismissed for lack of prosecution and failure to obey court orders. Judgment dismissing this action without prejudice shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: February 21, 2018

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

HON. STEVE KIM
U.S. MAGISTRATE JUDGE

3